IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HESMAN TALL,<br>    *Plaintiff*,<br><br>v.<br><br>MARYLAND DEVELOPMENTAL<br>DISABILITIES ADMINISTRATION, *et al.*<br>    *Defendants*. | Civil Action No. ELH-15-3811 |

**MEMORANDUM**

Hesman Tall, the self-represented plaintiff, filed a skeletal two-page Complaint against the Maryland Developmental Disabilities Administration ("DDA") and the Maryland Department of Health and Mental Hygiene (the "DHMH") (collectively, the "Department").[1] He alleges violations of the Fair Labor Standards Act ("FLSA"), found at 29 U.S.C. § 201 *et seq.*[2] ECF 1, "Complaint." In particular, plaintiff alleges that he "is a sub-contracted employee" of the DDA (ECF 1, ¶ 10) and a "sub-contracted CSLA: Community Skills Living Assistant and Job

---

[1] Although this suit is filed against the DDA and the DHMH, initial filings by the defense referred only to one defendant. *See, e.g.*, ECF 11, "Defendant's Opposition to Plaintiff's Request for Issuance of Subpoena." Moreover, the defense seemed to indicate that the Department was the sole defendant. *See, e.g.*, *id.* at 1 ("The Maryland Department of Health and Mental Hygiene (the 'Department'), through counsel, hereby files this Opposition . . . ."). Accordingly, I directed the DDA to respond to the suit or explain why it need not do so. *See* ECF 12 at 2. Thereafter, in its Answer, the Department stated, ECF 15 at 1 n.1: "The DDA is a division of the Department. Although the DDA was listed as a separate defendant, it is not a separate entity. All references to the Department or Defendant in this Answer include the DDA." Plaintiff has not challenged that assertion. Therefore, I shall refer to the "Department" as the sole defendant.

[2] Plaintiff also cites the "Wage and Hour Act" as a basis for relief. ECF 1 at 1. I assume that is a reference to the Maryland Wage and Hour Law, Md. Code, § 3-401 *et seq.* of the Labor & Employment Article ("L.E.") or a reference to the Maryland Wage Payment and Collection Law, L.E. § 3-501 *et seq.* The State claims are not discussed again. In any event, the State claims do not alter the resolution of this case.

Coach . . . ." *Id.* ¶ 1. According to Tall, between November 9, 2014 and July 5, 2015, he provided "Caregiver Services" to "a DDA client" (the "Client"), who is disabled as a result of Cerebral Palsy.[3] *Id.* ¶¶ 3–6. Tall claims that he "has not been paid regular wages, overtime pay, mileage reimbursements and other costs associated with the care . . . ." *Id.* ¶¶ 6, 7. But, he never expressly asserts that he was employed by defendant.

Defendant has moved to dismiss (ECF 7), pursuant to Fed. R. Civ. P. 12(b)(1), supported by a memorandum (ECF 7-1) (collectively, "Motion" or "Motion to Dismiss"). The Department asserts that plaintiff has failed to allege facts to show that he has standing to sue (ECF 7 at 1), because plaintiff does not adequately allege that he was an employee of the Department. ECF 7-1 at 4. Thus, defendant claims that this Court lacks subject matter jurisdiction.

Plaintiff opposes the Motion. ECF 9 ("Opposition"). He has submitted numerous exhibits with his Opposition. *See* ECF 9-1–9-7.[4] They include a letter to plaintiff from the Maryland Department of Labor, Licensing and Regulation (ECF 9-1); two letters to plaintiff's Client from the DHMH, dated June 18, 2015 and June 30, 2015 (ECF 9-2); an "Affidavit of CMS Medicare Waiver Funds Recipient" signed by the Client and her mother (ECF 9-3); a collection of miscellaneous documents (ECF 9-4);[5] a 121-page collection of randomly assorted

---

[3] Because of privacy concerns, the Complaint (ECF 1) has been redacted by the Court, so as to protect the Client's name. An unredacted version of the Complaint is docketed at ECF 2. The identity of the Client is not pertinent to the issues. Therefore, in an effort to protect the privacy of the Client, I will refer to ECF 1.

[4] The Motion to Dismiss refers to attachments to the Complaint, including, *inter alia*, "117 pages of hand-written timesheets and expense reimbursement forms . . . ." ECF 7-1 at 2. Curiously, these exhibits were not attached the Complaint. *See* ECF 1; ECF 2. However, plaintiff has submitted voluminous exhibits with his Opposition.

[5] The documents in ECF 9-4 include another letter to the Client from DHMH; a non-descript excerpt discussing the DDA's guidelines for purchasing a vehicle; another excerpt titled "Back-Up and Emergency Support List (Sample Form);" a single sheet describing the DDA's

time sheets, forms titled "Expense Report – Mileage," and "Weekly Contact Notes" completed by plaintiff (ECF 9-5); an American Red Cross Certificate stating plaintiff "has successfully completed requirements for Adult CPR/AED" (ECF 9-6); and a copy of two cards reflecting that plaintiff has completed the National Safety Council First Aid Course and CPR Course (ECF 9-7). No reply was filed.[6] However, defendant later filed an Answer. ECF 15.

The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motion to Dismiss, without prejudice, and with leave to amend.

## I.   Factual Background and Contentions

Tall filed suit against the Department under the FLSA, seeking to recover "unpaid wages and back pay." ECF 1 at 1. As noted, Tall contends that he is "a sub-contracted employee of the Maryland Developmental Disabilities Administration." *Id.* ¶ 10. In particular, plaintiff states that he is "a sub-contracted CSLA: Community Skills Living Assistant and Job Coach who provides Caregiver services to a DDA client . . . ." *Id.* ¶ 1. According to plaintiff, his Client was "born with Cerebral Palsy" and has "a seizure disorder." *Id.* ¶¶ 3, 4. As a result, the Client "cannot be left alone under any circumstances and must Be [sic] supervised 24 hours a day, 7 days a week." *Id.* ¶ 5.

Plaintiff alleges that he provided the Client with "Caregiver services" from November 9, 2014 to July 5, 2015. ECF 1, ¶ 6. He asserts that his "pay rate was $13.25 per hour" during that period (*id.* ¶ 8), and his "overtime pay rate was $20 an hour." *Id.* ¶ 9. According to plaintiff, the

---

"New Directions" assistance program; and a Baltimore Sun article dated July 7, 2015, titled "Audit finds Maryland owes $34 million for Medicaid claims."

[6] Other filings were submitted that are unrelated to the pending Motion. *See* ECF 10; ECF 11.

DHMH "and it's [sic] sub-division," the DDA, "are funded by the Federal Government [and] have a responsibility to fund the care for disabled persons under the Americans with Disabilities Act." ECF 1, ¶ 2. In addition, plaintiff states: "Plaintiff has not been paid regular wages, overtime pay, mileage reimbursement and other costs associated with the care [he] provided" to the Client. *Id.* ¶ 7.

Defendant "admits that [the Client] hired the Plaintiff to provide caregiver services" (ECF 15, Answer, ¶ 3), but insists that "Plaintiff is not and has never been an employee, contractor, or agent if [sic] the Department or the DDA." *Id.* ¶ 9. Defendant also "denies that [the Client] is a client of the Department." *Id*. ¶ 2. Instead, defendant maintains that the Client "participates in a self-directed services Medicaid waiver program for persons with developmental disabilities, which is funded by the State of Maryland and the Federal government." *Id.* ¶ 3.

In his Opposition to the Motion to Dismiss, plaintiff has amplified somewhat the skeletal allegations in his Complaint. He maintains that "defendants were his employers" (ECF 9, Opposition, at 4), explaining that "Defendants are the recipient of federal funds which made the Subcontracted employment of plaintiff possible." *Id.* at 3; *see also id.* at 6, 7. Plaintiff also alleges that, "[a]s a control on and condition of employment, defendants required plaintiff to obtain maintain [sic] CPR/AED and First Aid Certification." *Id.* at 4. Yet, plaintiff also refers to the Client and the Client's mother as his "employer." *See, e.g.*, ECF 1 at 2 (noting that the Client "hired plaintiff"); ECF 9 at 2 (describing that in ECF 9-3, the Mother's Affidavit, "*Employer* . . . confirms . . . that defendant's [sic] are the primary source of the *employers* [sic] wages to plaintiff . . . .") (emphasis added); *id.* at 3 ("When defendant's [sic] were told by the employer that plaintiff would be working and provided services defendant's [sic] did not object."). *But see*

4

*id.* at 4 (contending that plaintiff has shown that "defendants [the DDA and DHMH] were his employers") (alteration added).

Further, plaintiff asserts that he "is constantly investing in and using personal funds to maintain the support needed to provide adequate care to the disabled client." ECF 9 at 5. These "investments" include "mandatory insurance premiums, labor and repair costs, registration fees, taxes, all related to the vehicle used to transport the disabled client." *Id.* Additionally, plaintiff claims that he "uses personal funds" to travel to professional events. *Id.* According to Tall, the "services plaintiff and other Caregivers provide to DHMH/DDA's developmentally disabled clients are compulsory to the operation of DDA." *Id.* at 6. As noted, plaintiff also submitted numerous exhibits with his Opposition. *See* ECF 9-1–ECF 9-7.

As discussed, *infra*, a plaintiff cannot cure the deficiencies in a complaint by way of an opposition to a motion to dismiss. *See Mylan Laboratories, Inc. v. Akzo*, 770 F. Supp. 1053, 1068 (D. Md. 1991), *aff'd*, 2 F.3d 56 (4th Cir. 1993); *see also Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Therefore, I focus here on the allegations in the Complaint. But, even if I were to consider the factual assertions in the Opposition, this would not alter my ruling.

## II. Standard of Review

The Department has moved to dismiss under Fed. R. Civ. P. 12(b)(1), alleging that plaintiff lacks standing to sue under the FLSA or State statutes because he is not an employee of the Department, and thus this Court lacks subject matter jurisdiction.[7]

---

[7] Standing is a jurisdictional issue. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007); *McInnes v. Lord Baltimore Employee Retirement Income Account Plan*, 823 F. Supp. 2d 360, 362 (D. Md. 2011). Absent standing, a party cannot invoke a court's jurisdiction. *See, e.g.*, *Allen v. Wright*, 468 U.S. 737, 750–51 (1984), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1337 (2014); *Southern Walk at*

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Here, the Department asserts a facial challenge. It contends that plaintiff "has not alleged facts sufficient to show that he has standing to bring this case." ECF 7, Motion to Dismiss, at 1.

---

*Broadlands Homeowner's Assoc. Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 85 (4th Cir. 2013).

Upon a challenge to jurisdiction, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also United States ex. rel. Vuyyuru v. Jadhau*, 555 F.3d 337, 347 (4th Cir. 2009), *cert. denied*, 558 U.S. 875 (2009); *cf. Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found. of New York*, __F.3d __, 2016 WL 2343251, at *5 (4th Cir. May 4, 2016).

Moreover, it claims that the Complaint "does not contain facts that would plausibly show that [plaintiff] was an employee of the Department." *Id.* at 4. The Department's Motion is tantamount to a Rule 12(b)(6) motion, alleging failure to state a claim.[8]

In considering a facial challenge to subject matter jurisdiction, "'the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.' In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192 (citations omitted); *see also Lufti v. United States*, 527 Fed. App'x 235, 241 (4th Cir. 2013); *Hasley v. Ward Mfg.*, RDB-13-1607, 2014 WL 3368050, at *1–2 (D. Md. July 8, 2014); *Buchanan,* 125 F. Supp. 2d at 736.

Whether a complaint states a claim for relief under Rule 12(b)(6) is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 n.3 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009).

To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly,* 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.,*___U.S.___, 135 S. Ct. 346, 346 (2014) (per curiam). But, the rule demands more than bald accusations or mere speculation. *Twombly,* 550 U.S. at

---

[8] Because defendant did not assert a factual challenge, the Court did not consider the documents submitted with the Opposition. However, these documents do not appear to support plaintiff's claim that he was an employee of the Department.

7

555; *see Painter's Mill Grille, LLC v. Brown,* 716 F.3d 342, 350 (4th Cir. 2013). To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556. In other words, the complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Iqbal,* 556 U.S. at 684; *Goines v. Valley Cmty. Servs. Bd.*, ___F.3d___, 2016 WL 2621262, at *3 (4th Cir. May 9, 2016); *Simmons v. United Mortg. & Loan Inv., LLC,* 634 F.3d 754, 768 (4th Cir. 2011); *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

Plaintiff is self-represented. Therefore, his pleadings must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314, (D. Md. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A*., DKC 10–3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 Fed. App'x 255 (4th Cir. 2013).

### III. Discussion

The parties dispute whether plaintiff was an employee of defendant for purposes of the FLSA. *Schultz v. Capital Intern. Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006) ("The ultimate conclusion as to whether a worker is an employee or independent contractor under the FLSA presents a legal question . . . ."). As noted, defendant contends that plaintiff has not advanced allegations sufficient to show that he was employed by the Department. Therefore, defendant

maintains that plaintiff lacks standing to file suit against the Department under the FSLA. As a result, the Department insists that the Complaint must be dismissed. *See* ECF 7-1, Motion, at 3–6. Plaintiff counters that he has satisfied the relevant legal standard "for establishing that defendants were his employers." ECF 9 at 4. For the reasons that follow, I readily agree with the Department.

Congress enacted the FLSA in 1938 "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)) (alterations in *Barrentine*); *see Encino Motorcars, LLC v. Navarro*, No. 15-415, ___U.S.___, at *1 (June 20, 2016) (referencing *Barrentine* and discussing the FLSA's purpose); *Morrison v. Cnty. of Fairfax, Va.*, ___F.3d___, No. 14-2308, at *5 (4th Cir. June 21, 2016) (discussing the mandate of the FLSA in the context of the "so-called 'white-collar' exemption"); *McFeeley v. Jackson Street Entertainment, LLC*, ___F.3d___, 2016 WL 3191896, at *2 (4th Cir. June 8, 2016) ("Congress enacted the FLSA to protect 'the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others.'") (citations omitted). In particular, as to qualifying employees, the FLSA "establishe[s] a minimum wage and overtime compensation for each hour worked in excess of 40 hours in each workweek . . . ." *Perez v. Mortgage Bankers Ass'n*, ___U.S.___, 135 S. Ct. 1199, 1204 (2015) (quotations omitted) (alterations in *Perez*); *see Integrity Staffing Solutions, Inc. v. Busk*, ___U.S.___, 135 S. Ct. 513, 516 (2014); *Harbourt v. PPE Casino Resorts Md., LLC*, ___F.3d___, 2016 WL 1621908, at *2 (4th Cir. Apr. 25, 2016) ("The FLSA requires that employers pay employees the

minimum hourly wage 'for all hours worked.'") (quoting *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 363 (4th Cir. 2011)).

The FLSA also established the "general rule that employers must compensate each employee 'at a rate not less than one and one-half times the regular rate' for all overtime hours that an employee works." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) (quoting 29 U.S.C. § 207(a)(1)). Thus, the FLSA is now "best understood as the 'minimum wage/maximum hour law." *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (citation omitted); *see also Monahan v. Cnty. of Chesterfield, Va.*, 95 F.3d 1263, 1266–67 (4th Cir. 1996) ("The two central themes of the FLSA are its minimum wage and overtime requirements. . . .The FLSA is clearly structured to provide workers with specific minimum protections against excessive work hours and substandard wages.") (Internal quotations omitted).

In the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." 29 U.S.C. § 203(d). "Employee" is defined in the FLSA as "any individual employed by an employer." *Id.* at § 203(e). Courts construe these terms liberally under the FSLA. *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762 (D. Md. 2008). As the Fourth Circuit recently said, "Congress applied the FLSA broadly, as reflected in the Act's definitions of 'employee' ('any individual employed by an employer'), 'employer' ('any person acting directly or indirectly in the interest of an employer in relation to an employee'), and 'employ' ('to suffer or permit to work')." *McFeeley*, 2016 WL 3191896, at *2 (quoting 29 U.S.C. §§ 203(d), (e)(1), & (g)); *see also Herman v. Mid-Atlantic Installation Servs., Inc.*, 164 F. Supp. 2d 667, 671 (D. Md. 2000) ("The concept of 'employment' under the FLSA is extremely broad—broader than the common law definition of employment and even

broader than several other federal employment-related statutes, such as the Internal Revenue Code"), *aff'd*, 16 Fed. App'x 104 (4th Cir. 2001). However, and of import here, the FLSA does not apply to independent contractors. *Randolph v. PowerComm*, 7 F. Supp. 3d 561, 569 (D. Md. 2014) ("[T]he FLSA recognizes a difference between employees, which it covers, and independent contractors, which it does not.").

To determine whether an individual is afforded protections as an "employee" under the FLSA, "courts look to the 'economic realities of the relationship between the worker and the putative employer.'" *McFeeley*, 2016 WL 3191896, at *2 (quoting *Schultz*, 466 F.3d at 304). The "focal point" of the economic realities analysis "is whether the worker 'is economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself.'" *Schultz*, 466 F.3d at 304 (citations omitted and alteration in *Schultz*); *see also McFeeley*, 2016 WL 3191896, at *2; *Randolph*, 7 F. Supp. 3d at 569.

This "emphasis on economic reality has led courts to develop a six-factor test to determine whether a worker is an employee or an independent contractor." *Schultz*, 466 F.3d at 304; *see also United States v. Silk*, 331 U.S. 704, 716 (1947) (articulating, in the context of the Social Security Act, the standard that became the six-factor economic realities test); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730–731 (1947) (extending the analysis in *Silk* to evaluate employee/employer relationships under the FLSA). The six-factors are as follows:

"(1) [T]he degree of control that the putative employer has over the manner in which the work is performed;

(2) the worker's opportunities for profit or loss dependent on his managerial skill;

(3) the worker's investment in equipment or material, or his employment of other workers;

(4) the degree of skill required for the work;

11

  (5) the permanence of the working relationship; and

  (6) the degree to which the services rendered are an integral part of the putative employer's business."

*McFeeley*, 2016 WL 3191896, at *3 (quoting *Schultz*).

  As the Fourth Circuit has instructed, "[n]o single factor is dispositive." *Schultz*, 466 F.3d at 305. Instead, "all six [factors] are part of the totality of circumstances presented." *McFeeley*, 2016 WL 3191896, at *3 (citing *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998)); *see also Randolph*, 7 F. Supp. 3d at 569–72 (applying the six-factor test); *Quinteros*, 532 F. Supp. 2d at 769–771 (same); *Herman*, 164 F. Supp. 2d at 671 (same).

  Notably, "the labels which parties attach to their relationship are not controlling; even if a contract clearly defines the relationship as one of client/contractor, it may still constitute that of employer/employee for purposes of the FLSA." *Herman*, 164 F. Supp. 2d at 671. Although "a six-factor test may lack the virtue of providing definitive guidance to those affected, it allows for flexible application to the myriad different working relationships that exist in the national economy." *McFeeley*, 2016 WL 3191896, at *3. Put another way, "the court must adapt its analysis to the particular working relationship, the particular workplace, and the particular industry in each FLSA case." *Id.*

  Considering the six-factor test in the present case, it is evident that plaintiff's Complaint fails to allege adequately that plaintiff was defendant's employee. Plaintiff's Complaint is a mere two pages, and one of those pages includes only the relief plaintiff seeks and the statutory basis for his suit. ECF 1, Complaint, at 1. On the second page, plaintiff twice asserts that he held "a sub-contracted" position as the Client's caregiver. ECF 1, ¶¶ 1, 10. He never asserts that he was employed by the defendant. Rather, he points to defendant's general obligation to

"disabled persons," describes the Client's developmental disability, reviews his rate of pay, and asserts that he was denied wages while he was defendant's "sub-contracted employee." *Id.* ¶ 10.

As noted, plaintiff adds a bit more detail in his Opposition. However, "'it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Mylan Laboratories, Inc.*, 770 F. Supp. at 1068 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *see also Zachair Ltd.*, 965 F. Supp. at 748 n.4 (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"). In any event, the facts alleged in the Opposition are insufficient to allege that Tall was an employee of the defendant.

### IV. Conclusion

Construing the facts in the Complaint as true, plaintiff has failed to provide sufficient allegations that indicate that he was an employee of defendant. Thus, he fails to allege "sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192 (citations omitted); *see also Lufti v. United States*, 527 Fed. App'x 235, 241 (4th Cir. 2013); *Hasley v. Ward Mfg.*, RDB-13-1607, 2014 WL 3368050, at *1–2 (D. Md. July 8, 2014); *Buchanan,* 125 F. Supp. 2d at 736.

Therefore, I shall grant defendant's Motion to Dismiss. However, I will also grant plaintiff leave to amend his Complaint within 21 days of the date of docketing of the Order that follows.

Date: June 24, 2016            /s/
                               Ellen Lipton Hollander
                               United States District