IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HESMAN TALL,
    *Plaintiff*,

    v.

MARYLAND DEP'T OF HEALTH AND
MENTAL HYGIENE, et al.
    *Defendants*.

Civil Action No. ELH-15-3811

**MEMORANDUM**

Hesman Tall, the self-represented plaintiff, filed suit against the Maryland Developmental Disabilities Administration ("DDA") and the Maryland Department of Health and Mental Hygiene ("DHMH" or "Department"). ECF 1. In his Amended Complaint (ECF 22), Tall alleges violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the "Wage and Hour Act." ECF 22 at 1.[1] Plaintiff has appended twenty exhibits to his Amended Complaint, filed in paper format. *See* ECF 22-1.

Tall claims that he was employed by defendants from October 8, 2014 until July 4, 2015, and that defendants failed to pay him both regular wages and overtime from November 9, 2014 through July 4, 2015. ECF 22 at 2. Tall also maintains that defendants did not pay his mileage or out-of-pocket expenses during the same period. *Id.* at 2-3.

As to plaintiff's assertion that he was an employee of defendants, he states that he "rendered Caregiver, Job Coach and Community Support Living Arrangement (CSLA) care services" to an individual who is "the disabled client of the defendants; from October 8, 2014 to

---

[1] I assume Tall has referred to Maryland's Wage and Hour Law, Md. Code (2016 Repl. Vol.) § 3-431, *et seq.* of the Labor and Employment Article ("L.E.").

July 4, 2015."  ECF 22 at 3 ¶ 9.  He also claims that the developmentally disabled individual for whom he provides care receives "Medicare funds under defendant's [sic] *New Directions* Program," which he claims is "federally-funded by the Center for Medicaid Services (CMS) Medicare [sic] Waiver Program." *Id.* ¶ 10.[2]  Tall seeks damages of "$112,000 including punitive damages . . . ." *Id.* at 1.[3]

Defendants have moved to dismiss the Amended Complaint.  ECF 23.  It is supported by a memorandum of law (ECF 23-1) (collectively, "Motion" or "Motion to Dismiss") and exhibits.  ECF 23-2 through ECF 23-4.  Defendants contend that this Court lacks subject matter jurisdiction.  *See* ECF 23.  They explain that if plaintiff was an "actual employee" of the defendants, then plaintiff's suit is subject to dismissal under Fed. R. Civ. P. 12(b)(1) because, under the Eleventh Amendment to the Constitution, defendants are immune from suit.  Alternatively, defendants claim that plaintiff lacks standing to sue because he is not an employee of defendants.  *See* ECF 23-1 at 6-9.  And, they assert that he has failed to state a claim for relief because his Amended Complaint contains only a "blanket assertion" that he is an employee (*id.* at 10), without any "facts that would plausibly show that he was an employee . . . ." *Id.* at 8.  Plaintiff opposes the Motion (ECF 25, "Opposition").  He argues, as to sovereign immunity, that Maryland has waived its immunity.  *Id.* at 3.  Defendants here replied.  ECF 26.

---

[2] The correct name is Centers for Medicare and Medicaid Services.  *See* Centers for Medicare and Medicaid Services, http://www.cms.gov (last accessed 12/29/2016).

[3] Defendants previously filed a motion to dismiss (ECF 7), claiming that the Complaint failed to show plaintiff had standing to sue, because he asserted that he is " a sub-contracted employee" of defendants, and thus was not an employee of the Department.  *See* ECF 1 ¶ 10.  In a Memorandum and Order of June 24, 2016 (ECF 20; ECF 21), I granted the motion to dismiss, without prejudice, and with leave to amend.  ECF 21.  Plaintiff filed the Amended Complaint on July 7, 2016.  ECF 22.

Also pending is plaintiff's "Motion for Leave to File a Surreply in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss." ECF 28 ("Motion for Surreply"). Defendants did not respond to the Motion for Surreply and the time for doing so has expired. *See* Local Rule 105.2.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6.[4] For the reasons that follow, I shall grant the Motion to Dismiss and deny the Motion for Surreply.

## I.        Motion for Surreply

Local Rule 105.2(a) provides that a party is not permitted to file a surreply without permission of the court. "Allowing a party to file a sur-reply is within the Court's discretion, *see* Local Rule 105.2(a), but they are generally disfavored." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015); *see also, e.g.*, *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013). A surreply may be permitted when the party opposing the underlying motion "would be unable to contest matters presented to the court for the first time in the [movant's] reply." *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 529 (D. Md. 2014) (quotations and citations omitted). Conversely, a surreply is not appropriate when the reply merely responds to an issue raised in the opposition to the underlying motion. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605–06 (D. Md. 2003). In that posture, the party had the opportunity to support its arguments in the opposition. *Id.* at 606.

In his Motion for Surreply, plaintiff does not indicate why a surreply is either necessary or appropriate in this case. ECF 28. Plaintiff's proposed Surreply contests the facts in

---

[4] The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

defendants' reply.  *See* ECF 28-1.   In particular, plaintiff argues that defendants have misconstrued and misapplied the word "employer," as it is defined in the FLSA.  *Id.*; *see* 29 U.S.C. § 203(d).  But, this argument does not explain plaintiff's request to file a surreply.

As noted, a surreply is generally only available when a party would otherwise be unable to respond to arguments raised during the litigation of the underlying motion.  *See Khoury*, 268 F. Supp. 2d at 606.  In this case, the issues of whether plaintiff is an employee and whether defendants are employers is central to the case.  And, defendants cited to the definition of the term "employer" in their Motion.  *See* ECF 23-1 at 7.  Therefore, plaintiff had ample opportunity in his Opposition to present the arguments he advances in the proposed Surreply.  Accordingly, I shall deny the Motion for Surreply.

## II.      Motion to Dismiss – Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(1), defendants move to dismiss.  ECF 23.  As noted, they contend, *inter alia*, that defendants are immune to suit under the Eleventh Amendment to the Constitution.  *Id.*  Therefore, they argue that this Court lacks subject matter jurisdiction.  *Id.* In addition, defendants claim plaintiff lacks standing to sue because he was not an employee of either defendant.

Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction.  *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'"  *Kerns v. United States*, 585 F.3d 187,

192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc.*, 22 F. Supp. 3d at 524.  In a factual challenge to subject matter jurisdiction, "the plaintiff bears the burden of proving" that subject matter jurisdiction is satisfied, "by a preponderance of the evidence." *United States ex rel. Vuyyuru v. Jadhav,* 555 F.3d 337, 347 (4th Cir.), *cert. denied*, 558 U.S. 875 (2009). In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  Moreover, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction," *Kerns*, 585 F.3d at 192, "[u]nless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute.'" *Vuyyuru*, 555 F.3d at 348 (citation omitted).  In particular, "the district court may . . . resolve the jurisdictional facts in dispute by considering evidence . . . such as affidavits." *Id.*  When appropriate, the court may also "hold an evidentiary hearing to determine whether the facts support the jurisdictional allegations." *United States v. North Carolina,* 180 F.3d 574, 580 (4th Cir. 1999); *accord Kerns,* 585 F.3d at 192.

With respect to the contention that plaintiff's claim is barred by Eleventh Amendment immunity, defendants seem to raise a facial challenge.  Therefore, I shall assume the truth of plaintiff's allegations, including his claim that he was an employee of defendants.

It is not clear whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6).  *See Strong v. Swaim-Stanley*, WMN-12-cv-1924, 2012 WL 4058054 (D. Md. Sept. 13, 2012).  Judge Titus addressed this uncertainty in *Beckham v. National R.R. Passenger Corp.*, 569 F. Supp. 2d 542 (D. Md. 2008).  He said, *id.* at 548 (internal citations omitted):

> [T]he Eleventh Amendment limits the ability of a federal district court to exercise its subject-matter jurisdiction over an action brought against a state or one of its entities.  As such, although Eleventh Amendment immunity is not a "true limit" on this Court's subject matter jurisdiction, *id.,* the Court concludes that it is more appropriate to consider this argument under Fed.R.Civ.P. 12(b)(1) because it ultimately challenges this Court's ability to exercise its Article III power.

Judge Titus's reasoning is persuasive.  Therefore, I shall consider the Eleventh Amendment challenge under Rule 12(b)(1).  *See also Abril v. Com. Of Virginia*, 145 F.3d 182, 184 (4th Cir. 1998) (affirming the district court's dismissal of a claim barred by state sovereign immunity under Rule 12(b)(1))

### III.    Discussion

Congress enacted the FLSA in 1938 "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'"  *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)) (alterations in *Barrentine*).  In particular, the statute "establishe[s] a minimum wage and overtime compensation for each hour worked in excess of 40 hours in each workweek . . . ."  *Perez v. Mortgage Bankers Ass'n*, ___ U.S. ___, 135 S.Ct. 1199, 1204 (2015) (quotations omitted) (alterations in *Perez*); *see Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. ___, 135 S.Ct. 513, 516 (2014).

The FLSA also established the "general rule that employers must compensate each employee 'at a rate not less than one and one-half times the regular rate' for all overtime hours that an employee works." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) (quoting 29 U.S.C. § 207(a)(1)).   Thus, the FLSA is now "best understood as the 'minimum wage/maximum hour law.'" *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442, 446 (4th Cir. 2015) (citation omitted); *see also Monahan v. County of Chesterfield, Va.*, 95 F.3d 1263, 1266–67 (4th Cir. 1996) ("The two central themes of the FLSA are its minimum wage and overtime requirements . . . .   The FLSA is clearly structured to provide workers with specific minimum protections against excessive work hours and substandard wages.") (internal quotations omitted).

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State."   The Eleventh Amendment did not create sovereign immunity, however.   Rather, it preserved the sovereign immunity that the states enjoyed prior to the formation of the Union.   *See Alden v. Maine*, 527 U.S. 706, 724 (1999); *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011).   The preeminent purpose of state sovereign immunity is "to accord states the dignity that is consistent with their status as sovereign entities . . . ."   *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002).

Thus, states enjoy immunity from suits brought in federal court by their own citizens, even though the text of the Eleventh Amendment does not explicitly address such a scenario. *See Hans v. Louisiana*, 134 U.S. 1, 3 (1890); *see also Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh

Amendment is that nonconsenting states may not be sued by private individuals in federal court.").   In other words, under the Eleventh Amendment, a private individual is barred from bringing a suit against a state in federal court to recover damages, unless an exception to sovereign immunity applies.  *See Coleman v. Court of Appeals of Md.*, ___ U.S. ___, 132 S. Ct. 1327, 1333 (2012) ("A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense."); *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247 (2011); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996) ("For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States.") (internal quotation marks and citation omitted).

Of import here, sovereign immunity also bars suit against an instrumentality of a state, sometimes referred to as an "arm of the state," absent waiver or a valid congressional abrogation of sovereign immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *see also Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *McCray v. Md. Dep't of Transp., Md. Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014); *Bland v. Roberts*, 730 F.3d 368, 389 (4th Cir. 2013); *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005).

Here, the DDA and DHMH are entities of the State of Maryland.  According to Md. Code (2015 Repl. Vol), §7-201 of the Health-General Article ("H.G."), the DDA is an agency of DHMH.   And, according to H.G. § 2-101, DHMH is a "principal department of the State government."  Therefore, suit against these entities is tantamount to suit against the State.

The Court of Appeals for the Fourth Circuit has noted three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state. In *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244 (4th Cir. 2012), the Court said, *id.* at 249 (internal quotations omitted):

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) . . . . Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) . . . . Third, a State remains free to waive its Eleventh Amendment immunity from suit in a federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.,* 535 U.S. 613, 618 (2002).

### A.    Abrogation

Congress has the power to abrogate a state's sovereign immunity, but must do so pursuant to a valid grant of constitutional authority. *Garrett*, 531 U.S. at 363; *Lee-Thomas*, 666 F.3d at 249. The Supreme Court said in *Seminole Tribe*, 517 U.S. at 55: "In order to determine whether Congress has abrogated the States' sovereign immunity, we ask two questions: first, whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity,' . . . and second, whether Congress has acted 'pursuant to a valid exercise of power . . . .'" (Quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985) (alterations in *Seminole Tribe*)).

In *Abril*, *supra*, 145 F.3d at 185-89, the Fourth Circuit considered these questions with respect to the FLSA. It determined that although the FLSA unequivocally abrogated state sovereign immunity, *see* 29 U.S.C. § 216(b), Congress had not acted pursuant to a valid exercise of power. *Abril*, 145 F.3d at 185-89. The Fourth Circuit's determination was subsequently upheld by the Supreme Court in *Alden v. Maine*, 527 U.S. 706, in which the Supreme Court concluded that Congress had not acted pursuant to a valid exercise of constitutional power in waiving sovereign immunity in the FLSA. *Id.* at 712, 759-60; *see also Seminole Tribe*, 517 U.S.

at 72 (stating that Congress cannot use its Article I powers to abrogate Eleventh Amendment immunity).

The Fourth Circuit has also rejected several other bases upon which Congress could abrogate state sovereign immunity under the FLSA.  It concluded that Congress could not use its powers pursuant to Section 5 of the Fourteenth Amendment because "the inequality targeted by the attempted abrogation here does not involve any interest at the core of the developed equal protection concerns."  *Abril*, 145 F.3d at 188-89.  And, the Fourth Circuit declined to find that states impliedly waived their sovereign immunity under the FLSA simply by continuing their "non-commercial governmental operations . . . ."  *Id.* at 190.

Notably, the Fourth Circuit recognized "waiver by exacted consent," by which a state waives its sovereign immunity as a condition of receiving federal funding.  However, it only applies in narrow circumstances.  *Id.* at 190-91.  Such a waiver applies if it is shown, *id.* at 191:

> (1) that Congress had validly funded a program or programs available for administration by the states in the operation of their prison and mental health facilities, and in doing so had unambiguously conditioned receipt of the federal funding upon the states' waiver of immunity to FLSA suits by employees of those facilities, and (2) that the [state] had received such funding and properly given the consent required as a condition of its receipt.

But, the Fourth Circuit also stated that "it would not suffice to prove waiver if discovery revealed no more than that the [state] had participated in federal programs in connection with which it had agreed to comply with all relevant federal laws, including even the FLSA."  *Id.* at 191.

As noted, under Rule 12(b)(1), plaintiff has the burden to demonstrate the existence of subject-matter jurisdiction.  *See Demetres*, 776 F.3d at 272.  He alleges: "In the acceptance of federal funds defendant waived their [sic] rights . . . ."  ECF 25 at 3.  The exhibit cited by plaintiff (ECF 25-20) to support his contention demonstrates only that some relationship exists

between the Medicaid program and DHMH.  *Id.*  However, as noted by the Fourth Circuit, mere acceptance of federal funds is not enough to demonstrate waiver.  *Abril*, 145 F.3d at 191.

Plaintiff has not shown that the State of Maryland has waived its sovereign immunity by exacted consent.  *See id.* at 190-91.  Indeed, in his Opposition, Tall does not argue that the State waived its sovereign immunity by exacted consent.  *See* ECF 25.  Thus, the first exception to the State's sovereign immunity under the Eleventh Amendment is not available.

### B.       Prospective Injunctive Relief

Sovereign immunity does not apply with respect to a claim for prospective injunctive relief.  *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 676 (1974); *Lee-Thomas*, 666 F.3d at 249.  This exception derives from the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269-70 (1997).

In his Amended Complaint, plaintiff seeks only damages.  ECF 22 at 1.  Accordingly, the second exception to the Eleventh Amendment is not available.

### C.       Waiver

A state may waive its Eleventh Amendment sovereign immunity and permit suit in federal court.  *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.,* 535 U.S. 613, 618 (2002); *Lee-Thomas*, 666 F.3d at 249.  But, the test to determine whether a State has waived its immunity from suit in federal court is a "stringent" one.  *Atascadero State Hosp. v.* Scanlon, 473 U.S. 234, 240 (1985), *superseded on other grounds, as recognized in Lane v. Pena*, 518 U.S. 187, 198 (1996).  Under *Atascadero*, a court may find that a state has waived its Eleventh Amendment immunity "only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction."  *Id.* (internal quotation marks and alteration omitted); *accord Lee-Thomas*, 666 F.3d at 250-51.

Neither side addressed whether Maryland has expressly waived its sovereign immunity. However, the Maryland Court of Appeals has said that Maryland has not waived its sovereign immunity with respect to FLSA claims where a plaintiff who is a State employee has failed to exhaust the State's administrative grievance process. *See Robinson v. Bunch*, 367 Md. 437, 446-47, 788 A.2d 636, 645 (2002).

For State employees, Maryland law specifically incorporates the substantive provisions of the FLSA. Md. Code (2015 Repl. Vol., 2016 Supp.), § 8-302 of the State Personnel and Pensions Article ("S.P.P."). Section 8-302 provides:

> (a) This subtitle shall be interpreted and applied, to the extent applicable, in accordance with the federal Fair Labor Standards Act.
>
> (b) All employees subject to this subtitle are entitled to the greater of:
>
> > (1) the benefits that are provided in this subtitle; or
> >
> > (2) to the extent applicable, the benefits required by the federal Fair Labor Standards Act.

Maryland law provides a general waiver of State sovereign immunity for issues involving State personnel, including issues arising under the substantive provisions of the FLSA. S.P.P. § 14-103, entitled "Limitation on defense of Sovereign Immunity", provides:

> Except as otherwise specifically provided by State law, this State, its officers, and its units may not raise the defense of sovereign immunity in any administrative, arbitration, or judicial proceeding involving an employee grievance or hearing that is held under . . . (1) this Division I or a regulation adopted under it . . . .

Title 12 of the S.P.P. provides, with exceptions not applicable here, an administrative process for employees to resolve any dispute as to the application of "(i) a personnel policy or regulation adopted by the Secretary; or (ii) any other policy or regulation over which management has control." S.P.P. § 12-101(c).

Under Title 12, aggrieved State employees must attempt to resolve disputes with management using a three-step process.  *See* Title 12, Subtitle 2 of the S.P.P.  Prior to initiating the first step, the aggrieved employee must "present the matter orally to the employee's supervisor for informal discussion."  S.P.P. § 12-202.  As the first step, the aggrieved employee files "a written grievance with the grievant's appointing authority."  *Id.* at § 12-203(a).  Then, within 10 days of receiving the grievance, the appointing authority holds a conference with the grievant and attempts to resolve the grievance.  *Id.* at § 12-203(c).

If the first step fails to resolve the issue, the grievant may then appeal to the head of his "principal unit."  *Id.* at 12-201(a)(1)(ii).  The head of the principal unit, or a designee, reviews the grievance record and confers with the grievant.  *Id.* at § 12-204(b).  Finally, if the grievance is not resolved at step two, the aggrieved employee may appeal to the Secretary of Budget and Management or his designee.  *Id.* at § 12-201(a)(1)(iii); *see id.* at § 1-101.  If the grievance is not resolved by the Secretary or his designee, the grievance is referred to the Office of Administrative Hearings for adjudication.  *Id.* at § 12-205(b)(2)(iii).

Section 12-103(b) of the S.P.P. is pertinent.  It is titled "Right to bring grievance; exclusiveness of remedy."  It provides, in part, *id.* (boldface added):

> (b) *Remedy exclusive.* – Unless another procedure is provided for by this article, the grievance procedure **is the exclusive remedy** through which a nontemporary employee in the State Personnel Management System may seek an administrative remedy for violations of the provisions of this article.

In *Robinson*, *supra*, 367 Md. 437, 788 A.2d 636, the plaintiffs were current and former employees of the Maryland Department of Public Safety and Correctional Services.  *Id.* at 434,

788 A.2d at 638.   They brought suit seeking overtime payments in accordance with the provisions of the FLSA.  *Id.*[5]

The Maryland Court of Appeals assumed that the substantive provisions of the FLSA apply to State employees, but that "the remedial provisions of the federal act [do] not."  *Id.* at 442, 788 A.2d at 642.   Notably, the *Robinson* Court concluded that S.P.P. § 12-103(b) establishes that "the Legislature intended to preclude direct judicial actions such as the present one."  *Id.* at 446, 788 A.2d at 645.  Of import here, the court also held that "Maryland law does provide a statutory administrative and judicial review remedy for adjudication of the plaintiffs' claims and that the remedy is exclusive."  *Id.* at 434, 788 A.2d at 639.   The *Robinson* Court reasoned, 367 Md. at 446, 788 A.2d at 645: "The language of § 12–103 evidences the General Assembly's intent that the administrative and judicial review grievance procedure constitutes the exclusive remedy for claims such as those made by the [aggrieved employees] in this case."

Given that Maryland law provides an exclusive remedy for an FLSA claim, requiring a Maryland State employee to pursue the administrative process and, if dissatisfied, to seek judicial review in State court, it is evident that Maryland has not waived its sovereign immunity with respect to an FLSA claim filed by a State employee in federal court.  *See* S.P.P. § 14-103. Therefore, I conclude that Maryland has not waived its immunity to suit in federal court based on the FLSA.   Rather, the State's administrative grievance process, including judicial review in a state circuit court, is the exclusive path that the Maryland General Assembly has created for a current or former State employee seeking to pursue an FLSA claim.

---

[5] Notably, the plaintiffs in *Robinson* initially filed suit in federal district court.  *Robinson*, 367 Md. at 435, 788 A.2d at 639.  That suit was dismissed for lack of subject matter jurisdiction. *Id.*

## IV.    Conclusion

I have assumed the truth of plaintiff's contention that he was an employee of the State. This puts plaintiff between the proverbial "rock and a hard place."  If plaintiff is indeed a current or former employee of the State, then he must avail himself of the exclusive administrative process enacted by the Maryland General Assembly.  In that circumstance, he is barred from suit in federal court by the Eleventh Amendment.  However, if plaintiff is not an employee of the State, then there is no basis to sue the defendants for unpaid wages.  *See* ECF 23-1 at 6-9.[6]

Moreover, none of the three exceptions to state sovereign immunity applies to this case. *Lee-Thomas*, *supra*, 666 F.3d at 249.  Congress did not abrogate state sovereign immunity as to the FLSA pursuant to the exercise of permissible constitutional power; the suit does not seek prospective injunctive relief; and the State of Maryland has not voluntarily waived sovereign immunity.

Accordingly, I shall GRANT defendants' Motion to Dismiss (ECF 23).  Because I dismiss the FLSA claim, I decline to consider plaintiff's supplemental claim under the MWHL. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  And, as noted, I shall DENY the Motion for Surreply (ECF 28).

An Order follows, consistent with this Memorandum.


_____12/29/2016_____                                        _____/s/_____
Date                                                                              Ellen Lipton Hollander
                                                                                      United States District Judge

---

[6] In light of my resolution, I need not reach the other issues raised by defendants, including that plaintiff has not adequately alleged his status as an employee.  However, I note that plaintiff's allegations amount to little more than a bald assertion that he was an employee of defendants.